UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
AGRIGENETICS, INC.,

                      Plaintiff,

      -against-

SEMILLAS PAPALOTLA, S.A. de C.V.,

                      Defendant.
-------------------------------------------------------x

No. 20 CV 429-LTS

ORDER

Before the Court is Plaintiff's complaint requesting Declaratory Judgment and a Preliminary Injunction. (Docket Entry No. 1.) In connection with its motion for a preliminary injunction (Docket Entry Nos. 9 and 14), Plaintiff has filed several Declarations and Exhibits under seal and accessible only to selected parties. (Docket Entry Nos. 12, 20, and 21.) Both parties request that the Court maintain these documents under seal in their entirety. (Docket Entry Nos. 11, 19, and 23.) The motion is granted to the extent set forth below.

The public has a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) (footnotes omitted). The weight given to the presumption of public access is determined by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir.1995) ("Amodeo II"). Once determined, the weight of the presumption is balanced against competing interests, which "include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (quoting Amodeo II, 71 F.3d at 1049).

In addition to the common law right of access, the public has a First Amendment right of access to judicial documents, a right that is "stronger" than the common law right. U.S. v. Erie Cnty., N.Y., 763 F.3d 235, 239 (2d Cir. 2014). Determining whether the First Amendment right of access attaches requires considering "(a) whether the documents 'have historically been open to the press and general public' (experience) and (b) whether 'public access plays a significant positive role in the functioning of the particular process in question' (logic)." Id. (quoting Lugosch, 435 F.3d at 120.) If the First Amendment right of access attaches, documents "may be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Erie, 763 F.3d at 239 (internal modifications omitted).

The dispute before the Court concerns the arbitrability of the claim underlying this action and the meaning of the contract provisions relevant to that issue. Documents in this action which do not address the issue of arbitrability or the meaning of the relevant contract provisions are not judicial documents subject to the right of public access. See Lugosch, 435 F.3d at 119 ("In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process") (internal citation omitted). The filings in this action include Defendant's statement of claim in the arbitration proceeding Plaintiff seeks to enjoin and exhibits to the statement. The contents of the documents are irrelevant to the narrow question that is before this Court. Defendant asserts, and Plaintiff agrees, that the statement of claim and the exhibits thereto, are commercially sensitive and should be filed under seal. Defendant's motion is therefore **GRANTED** to the extent it seeks the sealed filing of the statement of claim and exhibits, which are currently filed under seal as pages 2-122 of Docket Entry Number

12-1. Access to the sealed filing shall continue to be limited to the selected parties, which are counsel for Plaintiff and counsel for Defendant.

Portions of the remaining documents are relevant to the dispute before the Court because they include provisions or factual allegations relating to the parties' intent as to the operation of the arbitration provision of the agreements at issue. Defendant has made a sufficient showing of commercial sensitivity as to the identification of the specific hybrids which are the subject of the claim underlying this action. The commercial sensitivity of this subset of information, the specifics of which are not at issue before this Court, outweighs the presumption of public access to the portions of the documents that disclose the information. The Court therefore **GRANTS** the sealing motion as to these documents only to the extent that they disclose the identities of the hybrids at issue or disclose information from which those hybrids are readily identifiable.[1] Information identifying the hybrids, directly or indirectly, shall be redacted from the publicly filed version of the submission. Such redaction is a methodology narrowly tailored to preserve the higher value of Defendant's legitimate commercial interests in information that is not material to the dispute before the Court.[2] Plaintiff shall file redacted versions of Docket Entry Numbers 12-2, 20-1, 20-2, 21-1, and 21-2, electronically linked to the motion for a preliminary injunction (Docket Entry No. 8), on the public Electronic Court Filing docket by **February 21, 2020, at 5 p.m.,** and file unredacted versions electronically linked to this order, with the redactions

---

[1] Defendant has highlighted one such example of information from which the identities of the hybrids are readily identifiable. See Docket Entry No. 23 ("a table of different hybrids that, when read together with the redacted hybrid, can allow a competitor to surmise which hybrids have been cancelled.") The entire table may be redacted to protect the specific information.

[2] Defendant has already employed this methodology in its Memorandum in Opposition to the Motion for a Preliminary Injunction. See Docket Entry No. 28, at 4 (redacting only the Hybrids' identities, but including the general substance of the underlying claims and the country in which protection was lost).

highlighted, under seal and accessible only to selected parties, specifically counsel for Plaintiff and counsel for Defendant. The previously filed unredacted versions shall remain filed under seal, with access limited to counsel for Plaintiff and counsel for Defendant.

This Order resolves Docket Entry Nos. 11, 19, and 23.

SO ORDERED.

Dated: New York, New York
February 14, 2020

    /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge